# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 12, 2016

Judy Carolyn Holton
9356 Darcy Road
Upper Marlboro, Maryland  20774

Stacey W. Harris, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

RE:     *Judy Carolyn Holton v. Commissioner, Social Security Administration*;
           Civil No. SAG-15-974

Dear Ms. Holton and Counsel:

On April 4, 2015, Plaintiff Judy Carolyn Holton petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB").  (ECF No. 1).  Ms. Holton was represented by counsel when she filed her appeal, but her counsel has since withdrawn his appearance. She now appears *pro se.*  I have considered the Commissioner's motion for summary judgment.  (ECF No. 22).  Ms. Holton has not filed a response.[1]  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Ms. Holton protectively filed a claim for DIB on May 4, 2011, alleging a disability onset date of February 2, 2011.  (Tr. 10).  Her claim was denied initially and on reconsideration.  (Tr. 82-85, 87-88).  A hearing was held on May 28, 2013, before an Administrative Law Judge ("ALJ"), at which Ms. Holton requested a chance to obtain representation.  (Tr. 56-62).  A second hearing was held on September 23, 2013.  (Tr. 23-48).  Following the hearing, the ALJ determined that Ms. Holton was not disabled within the meaning of the Social Security Act

---

[1] On June 15, 2016, a Rule 12/56 letter was sent to Ms. Holton advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 23).  The letter further advised that a failure to respond could result in the entry of judgment against Ms. Holton. *Id.*

*Judy Carolyn Holton v. Commissioner, Social Security Administration*
Civil No. SAG-15-974
July 12, 2016
Page 2

during the relevant time frame. (Tr. 7-22). The Appeals Council denied Ms. Holton's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Holton suffered from the severe impairments of obesity, right ankle degenerative joint disease and sprain, right hand ring trigger finger status post A1 pulley release, right heel calcaneal spur/plantar fasciitis, lower extremity venous insufficiency, right hip bursitis, lumbar spondylosis/degenerative disc disease, and left knee degenerative joint disease. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Holton retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: the claimant has the residual functional capacity to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk about 6 hours in an 8 hour workday; sit for a total of about 6 hours in an 8 hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl; and she requires the ability to alternate between sitting and standing about every 30 minutes and requires a 5 minute break every hour to stand and stretch.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Holton could perform her past relevant work as a station manager, as it is generally performed. (Tr. 17). The ALJ therefore concluded that Ms. Holton was not disabled. (Tr. 17-18).

I have carefully reviewed the ALJ's opinion and the entire record, including the arguments raised by Ms. Holton's then-counsel in a letter filed for the administrative appeal. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Holton's favor at step one and determined that she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Holton claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that Ms. Holton suffered from several severe impairments. (Tr. 18). The ALJ further evaluated carpal tunnel syndrome, diabetes, vision problems, and mental health diagnoses, and found that those impairments either had not been diagnosed or were not severe impairments. (Tr. 13). The ALJ supported those findings with citations to Ms. Holton's hearing testimony and to her medical records. *Id.*

*Judy Carolyn Holton v. Commissioner, Social Security Administration*
Civil No. SAG-15-974
July 12, 2016
Page 3

At step three, the ALJ determined that Ms. Holton's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 13). The ALJ considered the specific requirements of Listing 1.02, major dysfunction of a joint, Listing 1.04, disorders of the spine, and Listing 4.11, chronic venous insufficiency. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02, 1.04, 4.11. The ALJ concluded that none of those listings were satisfied, and cited to the specific criteria for each listing that had not been met. I have carefully reviewed the record, and I agree that no listings are met or equaled.

In considering Ms. Holton's RFC, the ALJ first recognized her strong earnings history and long work record, acknowledging that those factors bolstered her credibility. (Tr. 14). However, the ALJ also recognized records suggesting that Ms. Holton retired from her position and that she had been released back to work after her retirement date. *Id.* The ALJ also cited to "[m]inimal diagnostic findings, conservative and intermittent treatment primarily by primary care physicians, and some impairments receiving no ongoing care" in making a finding that Ms. Holton's allegations were not entirely credible. *Id.*

For example, with respect to venous insufficiency, the ALJ noted that Ms. Holton was not under the care of a cardiologist and had not been referred for such care. (Tr. 15). The ALJ further noted that the condition improved with elevation and compression stockings, and that the record did not reflect a need to spend any significant time with extremities elevated. *Id.*

As for the musculoskeletal impairments, the ALJ noted that after the right ring finger A1 pulley release, Ms. Holton was released back to work on February 28, 2011. (Tr. 15). The ALJ also cited the consultative examiner's "minimal objective findings despite decreased effort." *Id.* In addition, the ALJ noted that diagnostic studies such as x-rays have revealed only mild findings. (Tr. 16). The ALJ further noted no evidence of ongoing care by specialists, ongoing physical therapy, ongoing pain management, or ongoing injections. *Id.*

Finally, in assessing Ms. Holton's RFC, the ALJ considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ noted that none of Ms. Holton's treating physicians provided opinions supporting her claim of disability. (Tr. 16-17). The ALJ assigned "great weight" to the opinions of two State agency medical consultants, who opined that Ms. Holton could perform light work with occasional postural movements. (Tr. 17). The ALJ assigned lesser weight to the opinion of the consultative physical examiner, who found somewhat greater capacity, reasoning that the State agency medical consultants were able to view Ms. Holton's longitudinal medical records. *Id.* In addition, the ALJ imposed the additional restrictions including the sit/stand option and the five-minute hourly breaks, citing Ms. Holton's medical records and obesity. *Id.*

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Holton's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

*Judy Carolyn Holton v. Commissioner, Social Security Administration*
Civil No. SAG-15-974
July 12, 2016
Page 4

Cir. 1990).  In considering the entire record, and noting the ALJ's extensive citation to the record evidence as described above, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Ms. Holton was able to perform her past relevant work as a station manager.  (Tr. 22-23).   The ALJ based that determination on the testimony of the VE.  (Tr. 17).    The VE testified that a person with Ms. Holton's RFC would be able to perform the job of station manager as customarily performed according to the Dictionary of Occupational Titles ("DOT"), and clarified that although the sit/stand option was not covered by the DOT, the VE based the determination on her professional experience.  (Tr. 26-28).    Although there was evidence at the hearing suggesting that Ms. Holton's actual work at Metro involved a heavier exertional capacity than the position as customarily performed, the ALJ's finding was premised on the DOT's definition of the position.  Accordingly, I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED.  The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge